UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID COURAN,

       Petitioner,

v.                                         Case No. 8:03-cv-1531-T-23MSS

JAMES V. CROSBY, JR.,

       Respondent.

_____/

## O R D E R

Couran petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his conviction for robbery with a deadly weapon, for which he was sentenced to an enhanced sentence of life imprisonment pursuant to Florida Prisoner Releasee Reoffender Act, Section 775.082(8), Fla. Stat. (1997). The response (Doc. 7) to the petition is supported by numerous exhibits ("Respondent's Exhibit"). The respondent admits that the petition is timely (Response at 12 Doc. 7). Having considered the arguments of the parties and reviewed the record, this court concludes that three substantive grounds are procedurally defaulted and the ineffective assistance of counsel claims are meritless.

## FACTS

The state court denied Couran's Rule 3.850 motion for post-conviction relief and entered an order in which the court summarized the events on the night of the robbery as follows:

The victim testified that he knew the Defendant by sight.  On 7/14/00, the Defendant appeared at his door, holding a bucket and requesting water for his overheated car.  When the victim declined to help him, the Defendant shoved his way into his room, held a knife to his stomach, threatened him, robbed him of both jewelry and money, and fled.

According to the Defendant's "reasonable hypothesis of innocence," he was introduced to the victim by a waitress named Diane at the Southern Kettle restaurant.  The victim worked as a dishwasher (part-time) at the restaurant.  Thereafter, he and the victim engaged in homosexual sex and smoked crack on several occasions.  On 7/14/00, he appeared at the victim's room at the Florida Bound Motel with a bucket, claiming his car overheated, but stating he really wanted to smoke crack.  They smoked the crack they had, whereupon the victim asked him to sell his jewelry in order to purchase more crack to smoke.  The Defendant took the jewelry to sell, bought more crack, but did not return to the victim's room because he saw the police talking to the victim.

(Respondent's Exhibit 12 at 9-11).  Couran has the burden of overcoming all state court factual determinations by clear and convincing evidence.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).  Consequently, this court must defer to the findings of fact found by the state court when it rejected Couran's post-conviction claims of ineffective assistance of counsel (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 12).

## STANDARD OF REVIEW

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

governs this proceeding.  <u>Wilcox v. Florida Dep't of Corrections</u>, 158 F.3d 1209, 1210

(11th Cir. 1998), <u>cert. denied</u>, 531 U.S. 840 (2000).  Section 2254(d), which creates a

highly deferential standard for federal court review of state court adjudications, states in

pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an
>> unreasonable application of, clearly established Federal law,
>> as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an
>> unreasonable determination of the facts in light of the
>> evidence presented in the State court proceeding.

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000), the Supreme Court

interpreted this deferential standard:

> In sum, §2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.
> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied--the state-court adjudication resulted in a decision
> that (1) "was contrary to . . . clearly established Federal Law, as
> determined by the Supreme Court of the United States," or (2) "involved
> an unreasonable application of . . . clearly established Federal law, as
> determined by the Supreme Court of the United States."  Under the
> "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts.  Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

Moreover, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002). Accord Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001)("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

Couran's convictions and sentences were affirmed on direct appeal in a per curiam decision without a written opinion (Respondent's Exhibit 9), and the denial of his subsequent Rule 3.850 motion for post-conviction relief was likewise affirmed on appeal in another per curiam decision without a written opinion (Respondent's Exhibit 15). The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Couran presents several claims of ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995)(en banc)(quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim.

The law regarding ineffective assistance of counsel claims is well settled and well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims.  According to Strickland, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice.  Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds.").  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland v. Washington, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Strickland v. Washington, 466 U.S. at 690.  Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on

- 5 -

the judgment," Couran must demonstrate that any alleged error by counsel prejudiced the defense.  Strickland v. Washington, 466 U.S. at 691-92.  To meet this burden, Couran must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91.  Couran cannot meet the burden of Strickland by showing that, in hindsight, the avenue chosen by counsel proved ineffective.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial. . . .  We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ")(en banc)(quoting Burger v.

Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751

(1983)(counsel has no duty to raise frivolous claims).

As stated above, Couran must prove that the state court's decision was (1)

"contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States; or (2) . . . based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. § 2254(d).  Consequently, the state court's determination

of each of Couran's claims largely governs this court's review of those same claims.

Couran's federal petition contains the same eight claims of ineffective assistance

of counsel that were alleged in the state Rule 3.850 motion for post-conviction relief.

The state court correctly recognized that Couran's ineffective assistance of counsel

claims are governed by Strickland.

> A jury convicted the Defendant of one count of robbery with a deadly weapon.  The Court adjudicated the Defendant guilty and determined that he qualified to be sentenced as a Prison Releasee Reoffender.  As a result, the Court sentenced him to a term of life in the Department of Corrections. The Defendant appealed, and the Second District Circuit of Appeal affirmed per curiam.

> In his present Motion, the Defendant alleges numerous errors, several of which allege ineffective assistance of counsel. Defendant maintains that he is entitled to have his conviction vacated and is entitled to a new trial. None of the Defendant's claims has any merit.  Therefore, the Court denies the Defendant's motion.

> As an initial matter, this Court notes that in order to state a successful claim for ineffective assistance, the Defendant must first identify omissions by his attorney that were outside the "broad range of reasonably competent performance under prevailing professional standards."  See Kennedy v. State, 547 So. 2d 912, 913 (Fla. 1989) (citing Strickland v. Washington, 466 U.S. 668 (1984)).  The defendant must further prove that the omission "so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined." Id. at 913 (citing Strickland).

> The court need not make a specific ruling on the performance by trial counsel when "it is clear that the prejudice component is not satisfied."  Id. at 914.  The court considering an ineffective assistance of counsel claim must apply a strong presumption that counsel's conduct fell within the range of reasonable professional assistance.  See State v. Hanania, 715 So. 2d 984, 985 (Fla. 2d DCA 1998).

(Respondent's Exhibit 12 at 1-2).  Consequently, Couran cannot meet the "contrary to" test in Section 2254(d)(1).  Couran must instead show that the state court's decision is an unreasonable application of Strickland or an unreasonable determination of the facts.

Ground One (A):

Couran alleges that counsel was ineffective for failing to object to the trial court's failure to place the venire under oath before conducting voir dire.  The state court rejected the claim as follows:

> Claim A:  Defendant claims counsel was ineffective because he failed to insure that prospective jurors were sworn prior to voir dire.  Defendant argues that he was denied due process of law because, not being placed under oath, the prospective jurors "did not truthfully respond" to the voir dire questioning of counsel and the Court.  Of course, Defendant presents no evidence to support this conclusory allegation.
>
> Defendant's claim is without merit.  As the attached Record of Oaths Administered demonstrates, the prospective jurors were sworn collectively by the Jury Coordinator for this Circuit prior to being questioned on voir dire in the Defendant's case.  Moreover, Defendant's conviction is not rendered defective because the jury that tried the Defendant's case was properly sworn to try all issues and instructed to render a true verdict according to the law and the evidence.  See Zapf v. State, 17 So. 225 (Fla. 1895); Brown v. State, 10 So. 736 (Fla. 1892).

(Respondent's Exhibit 12 at 2-3).  Couran has not presented any evidence to refute the state court's finding of fact that the venire was sworn-in as required by state law.  A federal court must defer to the state court's findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a

- 8 -

> determination of a factual issue made by a State court shall be presumed
> to be correct.  The applicant shall have the burden of rebutting the
> presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  Couran has not met his burden of presenting clear and

convincing evidence to overcome the presumption of correctness of the state court's

finding that the prospective jurors were properly sworn.  Nor has Couran shown that the

state court's decision was an unreasonable determination of the facts as required by

Section 2254(d)(2).

Ground One (B):

Couran alleges that counsel was ineffective for failing to have stricken from the

venire two members whom he contends rendered "equivocal" responses.  The state

court rejected the claim as follows:

> Claim B:  Defendant claims counsel was ineffective because he failed to
> use peremptory challenges to excuse prospective jurors Raina and
> O'Connor.  Defendant cites responses given by both jurors during voir dire
> questioning and argues that by not striking these jurors, counsel allowed
> two jurors who were not fair and impartial to sit on the panel that judged
> his case.
>
> Specifically, Defendant asserts that Juror Raina's speaking impediment
> "retarded his ability to communicate his convictions to the other jurors and,
> as a result, frustration set in during deliberations and his resulting guilty
> verdict was a compromise that did not accurately reflect his assessment of
> the evidence."  Similarly, Defendant asserts that Juror O'Connor "had her
> will overcome by the other jurors and ultimately acquiesced to a guilty
> verdict."  Again, Defendant presents nothing to support this speculative
> and conclusory allegation.
>
> Review of the scope of the responses given by these jurors (as opposed
> to the isolated answers chosen by the Defendant) reveals nothing to
> support the Defendant's allegations.  In fact, neither juror indicated any
> bias or inability to decide the case on a fair and impartial basis.  Therefore,
> counsel cannot be deemed ineffective for failing to strike them from the
> prospective panel.

(Respondent's Exhibit 12 at 3).  The state court determined that this claim was not factually supported by the record, and as a consequence, the claim of ineffective assistance of counsel was refuted by the record.

Couran has not presented any evidence to support his argument that the two members of the venire were subject to dismissal for cause.  Also, Couran's argument that trial counsel should have exercised peremptory challenges is meritless.  Whether to exercise peremptory challenges is a tactical decision left to the discretion of trial counsel.  See e.g., United States v. Boyd, 86 F.3d 719, 723 (7th Cir. 1996)("Decisions on selection of a jury are among the many entrusted to counsel rather than to defendants personally."), cert. denied, 520 U.S. 1231 (1997).  Trial counsel's strategic and tactical choices are largely unassailable.  See Strickland v. Washington, 466 U.S. at 690-91.  See also Mincey v. Head, 206 F.3d 1106, 1143 (11th Cir. 2000)("We must respect the counsel's tactics if they seem 'reasonable considering all the circumstances.'" (quoting Strickland)).

Ground One (C):

Couran alleges that counsel was ineffective for inadequately arguing a motion for judgment of acquittal.  The state court rejected the claim as follows:

> Claim C:  Defendant claims counsel was ineffective for insufficiently arguing a motion for judgment of acquittal at the close of the State's case in chief.  The Defendant alleges that counsel should have cited various cases to the Court (none of which have been cited by the Defendant in this motion), and he should have argued specific points of law regarding the use of a deadly weapon.
>
> Whether a motion for judgment of acquittal is granted "depends upon whether the State has met its burden of proof by making out a prima facie case against the defendant."  Weinshenker v. State, 223 So. 2d 561 (Fla. 3d DCA 1969).  If the State has brought forth sufficient evidence to

support its claim that each element of the crime has been performed, a judgment of acquittal will not lie.  See Cunningham v. State, 385 So. 2d 721, 722 (Fla. 3d DCA 1980).  In ruling on such a motion, the judge must ask:

> If the trial were to end now, could the jury as reasonable men find the defendant guilty beyond and to the exclusion of a reasonable doubt?  If his answer is affirmative, the trial judge must deny the motion; if it is negative, he must grant the motion.

Weinshenker, 223 So. 2d at 563.

Defense counsel moved for a judgment of acquittal at the close of the State's case.  He argued in relevant part that the State had failed to establish the element of a deadly weapon, based on the fact that no knife had been introduced into evidence and only a vague description of the knife had been provided during the victim's testimony.  The Court denied the motion.

While counsel presumably could have cited case law to the Court and have made all of the arguments Defendant suggests in his motion, the outcome would have been no different.  Defendant argues that had counsel made these arguments, the Court would have had to make the determination whether there was sufficient evidence to support a jury finding that the Defendant "used or threatened to use" the knife in a manner likely to cause death or serious bodily injury.

The testimony supporting the element of use of a deadly weapon was provided by the victim, who testified that the Defendant pulled a knife on him and held it to his stomach while demanding his jewelry.  Based on this testimony, the Court determined that the deadly weapon element had been established.  Merely because the Court ruled against the Defendant on the motion for judgment of acquittal does not render his counsel ineffective.

To the extent that the Defendant argues counsel was ineffective for failing to renew the motion for judgment of acquittal at the close of all evidence, his claim is rejected.  Defendant alleges he was prejudiced because counsel failed to preserve the error for appeal.  Renewing a motion for judgment at acquittal at the close of evidence, however, is no longer necessary in order to preserve a sufficiency of evidence claim for appellate review.  See Morris v. State, 721 So. 2d 725 (Fla. 1998).

(Respondent's Exhibit 12 at 4-5).  The state court's analysis amounts to a rejection of Couran's ineffective assistance of counsel claim because counsel's performance was neither deficient nor prejudicial.

Couran argues that the state court's decision is an unreasonable determination of the facts.  Couran does not contest the victim's testimony that Couran held a knife to the victim's stomach while holding the victim around the throat.  Instead, Couran contends that the state failed to prove that he "used or threatened to use" the deadly weapon because the victim "received no injuries caused by the knife."  Couran fails to provide any legal authority to support his argument that the victim must receive an injury from the deadly weapon to meet the "use or threatened use" element.  Couran's argument is meritless.

Ground One (D):

Couran alleges that counsel was ineffective for failing to object to the prosecutor's misleading and confusing statements in closing arguments.  The state court rejected the claim as follows:

Claim D:  Defendant claims counsel was ineffective for failing to object to a "misleading, confusing misstatement of law" made by the prosecutor during closing argument.  Specifically, Defendant contends that the prosecutor confused the jury on the definition of reasonable doubt and whether the Defendant had used a knife in a manner sufficient to sustain a conviction for robbery with a deadly weapon.

The Defendant's argument reveals that he has picked out two isolated statements of the prosecutor's closing argument and maintains that these statements constituted "instructions" given by the prosecutor.  It is the Defendant's "reasonable assertion" that the prosecutor's "instructions," in conjunction with the instructions given by the Court after closing arguments, confused and misled the jury into returning a guilty verdict.  Defendant contends that had his counsel objected, the Court could have granted a mistrial or given curative instructions.

> The record conclusively refutes the Defendant's claims of prejudice.  The statements made by the prosecutor were not instructions.  In fact, immediately prior to closing arguments, the Court instructed the jurors, "what the lawyers say to you is not evidence nor is it your instruction on the law."  Immediately after closing arguments, the Court instructed the jury fully on the elements of the crime charged, the lesser-included offenses, and the burden of proof.  The law presumes the jury followed the judge's instructions in the absence of evidence to the contrary.  See Collier v. State, 259 So. 2d 765 (Fla. 1st DCA 1972).  The Defendant presents no evidence to demonstrate that the jury was confused or failed to follow the Court's instructions in returning its verdict.

(Respondent's Exhibit 12 at 5-6).  The state court determined that the claim the prosecutor improperly instructed the jurors was not factually supported by the record, and as a consequence, the claim of ineffective assistance of counsel was refuted by the record.  A review of the closing arguments supports the state court's determination.

Couran asserts the following argument: "It cannot be said beyond a reasonable doubt that the jury, after hearing the improper comments by the prosecutor, did not consider or was confused as to the legal standard they were obliged to employ in their deliberations."  The prosecution has the burden of meeting the reasonable doubt standard at the determination of guilt or innocence, whereas in this habeas proceeding Couran has the burden of proving that the state court's determination is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.[1]  Couran has not met his burden.

Ground One (E):

Couran alleges that counsel was ineffective for failing to object to the prosecutor's prejudicial comments during closing arguments.  The state court rejected the claim as follows:

_____

[1] Because the state court recognized that Couran's claims of ineffective assistance of counsel are controlled by Strickland v. Washington, Couran cannot meet the "contrary to" test in Section 2254(d)(1).

Claim E:  Defendant claims counsel was ineffective for failing to object to "improper, prejudicial comments" made by the prosecutor during closing argument.  Again, the Defendant has picked out snippets of the prosecutor's closing argument to urge that the jury was persuaded to return a guilty verdict based on improper opinions of the prosecutor.

Wide latitude is afforded to counsel in closing arguments.  See Breedlove v. State, 413 So. 2d 1, 8 (Fla. 1982).  Counsel's role in closing argument is to assist the jury in analyzing the evidence.  See Ruiz v. State, 743 So. 2d 1, 4 (Fla. 1999).  To that end, the prosecutor may state her contention as to the conclusions the jury should draw from the evidence, but she may not express her personal opinion as to the merits of the case or as to the credibility of witnesses.  Id.

Quite simply, all the prosecutor did in this case was state her contentions as to the conclusions the jury should draw from the evidence.  That the prosecutor focused on the Defendant's credibility is not surprising, given the internal inconsistencies in the Defendant's taped statement and the inconsistencies between that statement and his trial testimony.  This focus was not unreasonable, nor did the prosecutor cross the line in arguing the Defendant's credibility.  Thus, there was no basis upon which defense counsel could have objected and asked for a mistrial, much less a curative instruction.

(Respondent's Exhibit 12 at 6-7).  The state court's analysis amounts to a rejection of

Couran's ineffective assistance of counsel claim because counsel's performance was

not deficient, that is, the prosecutor's statements were not improper.

Even if the comments were improper, Couran cannot prevail because improper

prosecutorial remarks will compel habeas corpus relief only if the remarks are so

egregious that the proceedings are rendered fundamentally unfair.

The relevant question is whether the prosecutors' comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).  Moreover, the appropriate standard of review for such a claim on writ of habeas corpus is "the narrow one of due process, and not the broad exercise of supervisory power." Id., at 642, 94 S.Ct., at 1871.

- 14 -

Darden v. Wainwright, 477 U.S. 168, 181 (1986).  See also Tucker v. Kemp, 802 F.2d 1293, 1296 (11th Cir. 1986)(en banc)("If a reviewing court is confident that, absent the improper remarks, the jury's decision would have been no different, the proceeding cannot be said to have been fundamentally unfair."), cert. denied, 480 U.S. 911 (1987).

The principle question the jury had to decide was whom to believe, the victim or Couran.  The victim testified that Couran held him around the throat, pointed a knife at the victim's stomach, and demanded the victim give him some jewelry.  Couran testified that the victim voluntarily gave him some jewelry that Couran could exchange for drugs for each of them to use.  Consequently, the credibility of the victim and Couran was the linchpin of the case.  The state's court's determination (that the prosecutor's comments on the credibility of the victim and Couran) was not unreasonable.

Ground One (F):

Couran alleges that counsel was ineffective for failing to become familiar with the prosecution's discovery material before waiving any objection, specifically regarding the admissibility of the tape recording of Couran's statement to the police.  The state court rejected the claim as follows:

> Claim F:  Defendant claims counsel was ineffective for failing to listen to the edited version of his taped statement prior to trial and in failing to object to the introduction of the "altered" version of the tape.  The record reveals that the Defendant's taped statement was introduced during the testimony of Detective Thomas.  Prior to its introduction, Thomas indicated that he had listened to the tape and it was a fair and accurate representation of his conversation with the Defendant.  The tape was subsequently played for the jury.
>
> Once the tape started, defense counsel, following along with a transcribed statement of the tape, raised an objection and requested a sidebar where he voiced his objections to the introduction of the tape.  The Court overruled the objections because the tape had already been admitted into

evidence without objection, noting, however, that counsel would be entitled to inquire of Thomas as to certain things that had been edited on the tape.

On cross-examination, counsel elicited the fact that the tape was not true and accurate in the sense that it had been redacted.  Thomas also admitted the Defendant told him the victim was gay and admitted making another statement to the Defendant, which was also apparently omitted from the redacted tape.  It would therefore appear that although counsel could have listened to the tape prior to its introduction, his performance was not ineffective because he was allowed to cross-examine Thomas on the issue of the victim's sexual orientation, of which the Defendant primarily complains in his motion.

Defendant's complaint seems to center primarily on the fact that the prosecutor focused on his statement in closing, arguing his credibility by pointing out internal inconsistencies and inconsistencies between the statement and his trial testimony.  According to the Defendant, had counsel listened to the redacted tape and knew what was missing, he could have moved to exclude it because it was altered.

To the extent that the Defendant argues that the tape was inadmissible because it was not in the same form as it was when originally taped, his allegation is rejected.  Taped evidence is frequently redacted in criminal cases in order to eliminate potentially prejudicial or inadmissible information from coming to the jury's attention.  See e.g., Vangoey v. State, 793 So. 2d 1119 (Fla. 5th DCA 2001)(references to defendant's prior criminal record); Smith v. State, 746 So. 2d 1162 (Fla. 1st DCA 1999)(references to other persons irrelevant to the statement).  Likewise, to the extent Defendant suggests that counsel should have moved to suppress the statement, his claim is rejected.  Defendant has advanced no legally sufficient reason under the Fourth Amendment or the Florida Constitution why this statement could have been suppressed.

To the extent the Defendant alleges he was prejudiced by a reference on the tape to an unrelated, uncharged robbery, his claim is rejected.  The transcription in the trial record reflects that the Defendant expressly denied any robbery.

Finally, the Defendant points out that not only did the prosecutor redact the tape, but also she "consciously added certain words and/or paragraphs, and structured the closing argument over the intentional additions." Defendant relies primarily on a comparison between a transcript of the taped statement and sections of the trial transcript containing the designation "(unintelligible)" in arguing this point.  This

> reliance is misplaced. The transcript of the taped statement is not evidence that was admitted at trial. The tape was the only evidence admitted.  Moreover, although the court reporter is required to transcribe the contents of a tape played during a trial, the reporter can only do so to the best of his or her ability, and the transcript of the tape does not establish that the portions marked (unintelligible) were, in fact, inaudible to the jury.  See Martinez v. State, 761 So. 2d 1074, 1087 (Fla. 2000).

(Respondent's Exhibit 12 at 7-9).  The state court's analysis amounts to a rejection of

Couran's ineffective assistance of counsel claim because Couran failed to show

prejudice, specifically because (1) even if counsel had objected, the tape recording was

admissible evidence despite the redaction and (2) defense counsel was allowed to

cross-examine the witness regarding some of the redacted statements.

The state court's decision that Couran failed to prove prejudice is based on an

evidentiary determination.  Federal courts possess only limited authority to consider

state evidentiary rulings in habeas corpus proceedings.  Burgett v. Texas, 389 U.S. 109,

113-114 (1967).  Rather, a federal court's inquiry into state evidentiary rulings is limited

to an examination of whether the state violated federally guaranteed rights, Nordskog v.

Wainwright, 546 F.2d 69, 72 (5th Cir. 1977), such as the denial of fundamental fairness.

Hall v. Wainwright, 733 F.2d 766, 770 (11th Cir. 1984).  "As a guideline for applying the

criterion of fundamental fairness, the erroneous admission of prejudicial evidence can

justify habeas corpus relief only if it is material in the sense of a crucial, highly

significant factor." Dickson v. Wainwright, 683 F.2d 348, 350 (11th Cir. 1982)(citations

omitted).  The category of infractions that violate fundamental fairness is narrowly

defined.  Estelle v. McGuire, 502 U.S. 62, 73 (1991).  For the most part, evidentiary

rulings simply do not raise questions of a constitutional magnitude.

> A federal habeas petition may be entertained only on the ground that a
> petitioner is in custody in violation of the Constitution or laws or treaties of
> the United States.  28 U.S.C. § 2254(a).  A state's interpretation of its own
> laws or rules provides no basis for federal habeas corpus relief, since no
> question of a constitutional nature is involved.  Bronstein v. Wainwright,
> 646 F.2d 1048, 1050 (5th Cir. 1981).  State courts are the ultimate
> expositors of their own state's laws, and federal courts entertaining
> petitions for writs of habeas corpus are bound by the construction placed
> on a state's criminal statutes by the courts of the state except in extreme
> cases.  Mendiola v. Estelle, 635 F.2d 487, 489 (5th Cir. 1981).

McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992), cert. denied, 507 U.S.

975 (1993).  Even if counsel's performance was deficient, the state court's evidentiary

determination precludes Couran from showing that he was prejudiced by counsel's

failure to object to the admissibility of the recorded statement.

Ground One (G):

Couran alleges that counsel was ineffective for failing to adequately

cross-examine the state witnesses to solicit favorable testimony and impeach the

witness.  The state court rejected the claim as follows:

> Claim G:  Defendant claims counsel was ineffective for failing to fully cross
> examine three of the State's witnesses to elicit "critical testimony" to
> support his version of events and his reasonable hypothesis of innocence.
> In order to understand the Defendant's argument, the Court summarizes
> the victim's version of the events and the Defendant's version of events on
> the night in question.
>
> The victim testified that he knew the Defendant by sight.  On 7/14/00, the
> Defendant appeared at his door, holding a bucket and requesting water for
> his overheated car.  When the victim declined to help him, the Defendant
> shoved his way into his room, held a knife to his stomach, threatened him,
> robbed him of both jewelry and money, and fled.
>
> According to the Defendant's "reasonable hypothesis of innocence," he
> was introduced to the victim by a waitress named Diane at the Southern
> Kettle restaurant.  The victim worked as a dishwasher (part-time) at the
> restaurant.  Thereafter, he and the victim engaged in homosexual sex and
> smoked crack on several occasions.  On 7/14/00, he appeared at the

- 18 -

victim's room at the Florida Bound Motel with a bucket, claiming his car overheated, but stating he really wanted to smoke crack.  They smoked the crack they had, whereupon the victim asked him to sell his jewelry in order to purchase more crack to smoke.  The Defendant took the jewelry to sell, bought more crack, but did not return to the victim's room because he saw the police talking to the victim.

First, Defendant claims that counsel should have elicited testimony from the victim about where the victim lived prior to the Florida Bound Motel, his prior employment, whether he was a homosexual, and whether he knew the Defendant prior to the night of the robbery.  None of these "facts" is relevant to the elements of the crime charged, nor would they appear relevant to the Defendant's reasonable hypothesis of innocence.  Arguably, they could have some bearing on the victim's credibility.

Nonetheless, these facts were elicited from the victim and placed before the jury.  The victim testified that he had worked at the Southern Kettle and knew a waitress named Diane, but denied that she had introduced him to the Defendant.  He also denied knowing the Defendant except by sight.  The victim's alleged homosexuality was brought out during the Defendant's testimony and the fact that counsel did not inquire about it on cross of the victim evidences no prejudice.

Second, Defendant claims that counsel should have asked witness, Cervando Ramirez, about his (the witness's) sexual orientation, whether he had engaged in sexual acts with the victim, and whether the victim had ever commented to him about the size of the Defendant's penis.  Again, Defendant offers nothing to demonstrate the relevance of these questions to the elements of the crime charged or his reasonable hypothesis of innocence.  Therefore, [th]is claim is legally insufficient.

Finally, Defendant claims that counsel ineffectively cross-examined Detective Thomas on the issue of whether the victim was a homosexual and had had prior dealings with the Defendant.  Defendant alleges statements to this effect were made by Thomas during the taping of his statement and effective cross-examination would have drawn into question the victim's credibility, i.e., why had the victim lied about not knowing the Defendant prior to the alleged robbery.  Defendant fails to demonstrate any prejudice.  On cross, counsel elicited from Thomas that the Defendant told him the victim was gay, which supported the Defendant's theory of events.

No evidence supports other statements attributed to Thomas by the Defendant, purportedly demonstrating that the victim knew the Defendant prior to the robbery.  Even assuming the Defendant did know the victim

and had engaged in oral sex with him, these facts alone would not
contradict the victim's testimony about the events of the robbery.

(Respondent's Exhibit 12 at 9-11).  The state court's analysis amounts to a rejection of

Couran's ineffective assistance of counsel claim because Couran failed to show

prejudice.

Couran presents the same "reasonable doubt" argument that he presented in

support of Ground One (D).  In a habeas proceeding, the state does not have the

burden of disproving the petitioner's hypothesis of innocence.  To the contrary, Couran

has the burden of showing that the state court's decision is an unreasonable application

of controlling Supreme Court precedent or an unreasonable determination of the facts.[2]

Couran has not met his burden.

Ground One (H):

Couran's trial counsel agreed to allow the state to amend the information to

correct the name of the victim.  The original information, which identified the victim as

"Pablo Osequbra," was amended to identify the victim as "Pablo Osequbra Espanosa."

Couran alleges that trial counsel was ineffective for failing to object and argue that the

amendment amounted to a new charge requiring a new arraignment.  The state court

rejected the claim as follows:[3]

Claim I:  Defendant claims counsel was ineffective for failing to object to
an amendment to the Information made by the State just prior to trial.  The
State amended the name of the victim.  Defendant alleges that the name
of the victim is an essential element of the offense.  He further alleges that

_____

[2] Because the state court recognized that Couran's claims of ineffective assistance of counsel are controlled by <u>Strickland v. Washington</u>, Couran cannot meet the "contrary to" test in Section 2254(d)(1).

[3] The substance of Ground One (H) in the federal petition was "Claim I" in the state motion for post-conviction relief.

- 20 -

amending the victim's name created a "new offense," and his counsel
erred in failing to object and/or request that the Defendant be arraigned on
this new offense.

Defendant's allegations have no merit.  Rule 3.140(j) of the Florida Rules
of Criminal Procedure permits amendment to an Information on the motion
of the prosecutor "at any time prior to trial because of formal defects."
Only a material variance between the victim's name as alleged and that as
proven will be fatal.  <u>See e.g.</u>, <u>Raulerson v. State</u>, 358 So. 2d 826, 830
(Fla. 1978). The focus is on prejudice, i.e., the name must be specific
enough so as not to mislead the defendant in the preparation of his
defense.  <u>Id.</u>

In this case, Defendant offers nothing to demonstrate that he was
prejudiced in the preparation of his defense.  Moreover, to the extent that
he suggests a double jeopardy violation, his claim is also without merit.
The amendment to the Information in this case was made prior to his jury
panel being sworn.  Jeopardy does not attach in a jury trial until after the
jury is sworn and impaneled to hear evidence.  <u>See</u> <u>Kee v. State</u>, 727 So.
2d 1094 (Fla. 2d DCA 1994)(emphasis added).

(Respondent's Exhibit 12 at 13-14).  The state court's analysis amounts to a rejection of

Couran's ineffective assistance of counsel claim because Couran failed to show

deficient performance, specifically because the amendment complied with state

procedural rules.  Couran fails to show that, as a matter of constitutional law, the state

was required to provide him a new arraignment.  Moreover, Couran has not shown that

he was prejudiced by the amendment.  Consequently, Couran has not shown that the

state court's decision was an unreasonable application of <u>Strickland v. Washington</u> or

an unreasonable determination of the facts.

## **PROCEDURAL DEFAULT**

Couran's petition presents three claims of trial court error.  The respondent

argues that Couran procedurally defaulted these three grounds by failing to raise them

on direct appeal.  A petitioner requesting a federal court to issue a writ of habeas corpus

must present his claims to the state courts in the procedurally correct manner.  <u>Upshaw v. Singletary</u>, 70 F.3d 576, 579 (11th Cir. 1995).  The procedurally correct way to raise a claim of trial court error is on direct appeal.

 Before a claim is procedurally barred from federal review, a state court must reject reviewing the claim that was presented in an incorrect manner.

> Thus, the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: "The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case."

<u>Harris v. Reed</u>, 489 U.S. 255, 262 (1989), <u>quoting</u> <u>Caldwell v. Mississippi</u>, 472 U.S. 320, 327 (1985).  Also, the court must state that it is enforcing the procedural rules.  "[I]f 'it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that its decision rests upon adequate and independent state grounds."  <u>Harris v. Reed</u>, 489 U.S. at 261, <u>quoting</u> <u>Michigan v. Long</u>, 463 U.S. 1032, 1042 (1983).  Consequently, citing to the state procedural rule and stating that the claim "could have been raised on direct appeal" or in some prior proceeding is insufficient.  <u>Harris v. Reed</u>, 489 U.S. at 266.  <u>See</u> <u>also</u> <u>Alderman v. Zant</u>, 22 F.3d 1541, 1549 (11th Cir.)("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."), <u>cert.</u> <u>denied</u>, 513 U.S. 1061 (1994).  Consequently, the initial question is whether the state court issued a "plain statement" applying the independent and adequate state procedural bar.

The three grounds of trial court error alleged in Couran's state Rule 3.850 motion for post-conviction relief are the same claims asserted as Grounds Two, Three, and Four in the federal petition.  The state court specifically applied the state's procedural default rules.

> ### Ground II
> Defendant claims the Court erred in allowing the State to amend the Information.  The Court notes that this error is one that should have been raised on direct appeal.  "Issues that could have been, but were not, raised on direct appeal are not cognizable through collateral attack."  <u>Harvey v. Dagger</u>, 656 So. 2d 1253, 1256 (Fla. 1995).  This issue is now procedurally barred from review because it should have been raised on direct appeal.  Post-conviction proceedings under Rule 3.850 are not to be used as a second appeal, nor is it appropriate to use a different argument to relitigate the same issues.  <u>See</u> <u>Torres-Arboleda v. Dugger</u>, 636 So. 2d 1321, 1323 (Fla. 1994).
>
> ### Ground III
> Defendant claims the Court erred in failing to swear the prospective jurors in [sic] prior to voir dire questioning.  As noted above, this error is one that should have been raised in a direct appeal.  It is not cognizable in this motion.
>
> ### Ground IV
> Defendant claims that he did not receive a fair trial because the prosecutor used known perjured and false testimony in convicting him.  This allegation centers once again on the admission of the redacted version of Defendant's taped statement and the Defendant's allegations that the State not only edited, but also added to the tape.  As set out more fully under Ground II above,[4] the alleged "manifest injustice" should have been the proper subject of direct appeal.  Failing that, it is not now cognizable on collateral review.

(Respondent's Exhibit 15 at 14-15).  The record clearly shows that the state court declined to address petitioner's claims because each was procedurally defaulted.

---

[4] Ground One (F) in this federal petition.

Having determined that Couran procedurally defaulted the above identified grounds, review of these claims is foreclosed unless Couran can satisfy one of two tests. To overcome procedural default, Couran must establish either (1) "cause for the default and prejudice attributable thereto" or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice."  Harris v. Reed, 489 U.S. 255, 262 (1989).  Couran does not present any argument to show cause and prejudice or manifest injustice.  Moreover, Couran cannot show prejudice or manifest injustice. Procedurally defaulted Grounds Two, Three, and Four are the underlying basis for Couran's claims of ineffective assistance of counsel alleged in Grounds One (A), (F), and (H), each of which was rejected as meritless.  Consequently, Grounds Two, Three, and Four are procedurally barred from review on the merits.

Accordingly, Couran's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Couran and close this action.

ORDERED in Tampa, Florida, on October 6, 2006.

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

SA/ro