UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID COURAN,

    Petitioner,

v.                                                                        Case No. 8:03-cv-1531-T-23MSS

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Couran filed a notice of appeal (Doc. 21), which is construed as a request for the issuance of a certificate of appealability. As a result of the amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, Rule 22, Federal Rules of Appellate Procedure, and 21 U.S.C. § 848(q), a disappointed movant under Section 2254 must acquire a certificate of appealability, which requires a substantial showing by an applicant of the denial of a constitutional right. As stated in Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, supra, at 893, and n.4, 102 S.Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
> . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in Barefoot, supra, at 893, and n.4, 102 S.Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity." As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S., at 484, 120 S.Ct. 1595.

In this action, Couran's claims were denied on procedural grounds as well as on the merits. Couran has failed to demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. Additionally, with regard to the claims denied on procedural grounds, Couran has failed to show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Accordingly, the notice of appeal (Doc. 21), construed as a request for the issuance of a certificate of appealability, is **DENIED**. Couran must pay the full $455

appellate filing fee. The clerk shall mail a copy of this order to the Department of Corrections, Inmate Accounting, 1711 Mahan Drive, Tallahassee, FL 32308 Attention: Jeffrey R. Straley, Professional Account Supervisor, and Veronica Wold, Government Operations Consultant. The Department of Corrections shall place a lien on the inmate's trust account for court costs and filing fees due.

ORDERED in Tampa, Florida, on _December 28th_, 2006.

_____
Steven D. Merryday
UNITED STATES DISTRICT JUDGE

SA/ro